UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WILLIAM ROBERT STINSON, # 145963, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No.: | 3:15-cv-364-TAV-CCS |
| ) | | |
| CENTURION OF TENNESSEE, LLC; ) | | |
| DR. ERIC CARTER, DDS; and ) | | |
| LYNDEE HOUSTON-FAGAN, ) | | |
| ) | | |
| Defendants. ) | | |

## **MEMORANDUM**

This prisoner's pro se civil rights action under 42 U.S.C. § 1983 is before the Court upon the postal return of court correspondence mailed to Plaintiff at the address he provided in his notice of a change in his address [Docs. 36, 38]. The correspondence was returned to the Court by the postal authorities more than fourteen days ago, with the face of the envelope marked, "Return to Sender, Refused, Unable to Forward" [Doc. 38 p.7].

It appears that Plaintiff has failed to apprise the Court of his correct address and, without his correct and current address, neither the Court nor Defendants can communicate with him regarding his case. In fact, Local Rule 83.13 not only requires pro se litigants, such as Plaintiff, to file a written notice with the Clerk, but also requires written notice to be given to all parties, within fourteen days of any change of address. E.D. Tenn. L.R. 83.13.

Accordingly, this action will be **DISMISSED**, sua sponte, for want of prosecution. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case sua sponte for lack of prosecution); *White v. City of Grand Rapids*, 34 F.App'x 210, 211(6th Cir. 2002) (finding that a pro se prisoner's complaint "was subject to

dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

    **AN APPROPRIATE ORDER WILL ENTER**.

                                          s/ Thomas A. Varlan
                                          CHIEF UNITED STATES DISTRICT JUDGE